IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA OF
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS EDWARD DIXON, # 163115, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CASE NO. 3:93-CV-663 |
| | ) | |
| LEONEAL DAVIS, *et al.*, | ) | (WO) |
| | ) | |
| Respondents. | ) | |

# **O R D E R**

This case is presently before the Court on a Motion to Reopen Case (Doc. # 45), which Petitioner filed in letter form on January 8, 2010, and an Application to Proceed Without Prepayment of Fees and Affidavit (Doc. # 46),which Petitioner filed the same day. For the reasons set forth below, the Motion and Application are due to be DENIED.

Petitioner was originally convicted---wrongly he claims---of the murder of his wife in the courts of the State of Alabama. He has been incarcerated on those charges for over twenty years, and has steadfastly maintained his innocence. As part of his efforts to have his conviction overturned, he filed a Petition for a Writ of Habeas Corpus with this Court in May, 1993. *See Dixon v. Davis*, 3:93-CV-663-ID. After a nearly two-year long course of proceedings, this Court in April, 1995, denied Petitioner's petition and dismissed his case with prejudice. Petitioner then attempted to appeal the dismissal, but was unsuccessful. He has now moved this Court to reopen his prior habeas case and allow him to proceed without prepayment of fees.

Petitioner's 1993 habeas corpus case is closed and proceed to a final and binding

judgment. There is no procedure available at this juncture and in these circumstances that would allow the Court to reopen his case. Petitioner is not without recourse, however. If he wishes to press his claims of innocence using the writ of habeas corpus, he must comply with the strictures of 28 U.S.C. § 2244, which governs successive habeas petitions. In addition to meeting the requirements of 28 U.S.C. § 2244(b)(2),[1] Petitioner must "move in the [Eleventh Circuit] court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A). Therefore, if Petitioner wishes to continue to pursue his claims of innocence, he must first move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the application. Until the Eleventh Circuit issues such an order, this Court is powerless to consider Petitioner's claims of innocence in the context of a habeas corpus proceeding. Therefore, it is CONSIDERED and ORDERED that the Motion to Reopen Case (Doc. # 45) and the Application to Proceed without Prepayment of Fees (Doc. # 46) be and the same are hereby DENIED.

DONE this the 19th day of January, 2009.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[1]That subsection provides:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.